IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William U. BURKE, Attorney at Law.

Supreme Court

*No. 92-0215-D. Filed December 6, 1993.*

(Also reported in 508 N.W.2d 394.)

   PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of William U. Burke to practice law in Wisconsin be suspended for nine months as discipline for professional misconduct. That misconduct consisted of failing to keep a client informed about the status of his criminal action, misrepresenting to a client actions he had taken on her son's behalf in a criminal matter, failing to diligently pursue that client's matter, failing to comply with client's requests for information and return a client's file upon request, failing to keep another client reasonably informed of the status of his matter, failing to return documents and legal papers to a client following termination of the client's representation, failing to return the unearned portion of a retainer to a client, failing to respond to requests from the Board of Attorneys Professional Responsibility (Board) for information concerning client grievances and engaging in conduct which led to his conviction of a misdemeanor charge of disorderly conduct. In addition to a nine-month license suspension as discipline for that misconduct, the referee recommended that the court impose conditions on Attorney Burke's practice of law following reinstatement of his license that address his rehabilitation from alcohol and cocaine addictions and that he be required to settle a former client's claim for the return of the unearned portion of a retainer.

Concerned that the recommended license suspension was an insufficient response to the seriousness of the misconduct, the court ordered Attorney Burke and the Board to show cause why the court should not suspend Attorney Burke's license for 15 months, in addition to imposing the reinstatement conditions recommended by the referee. Having considered the responses to that order, we determine that a one-year license suspension, coupled with the recommended

15

conditions on Attorney Burke's resumption of practice following reinstatement, is appropriate discipline to impose.

Attorney Burke was licensed to practice law in Wisconsin in 1969 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. Based on his no contest plea to the Board's complaint, the referee, Attorney John R. Decker, made the following findings of fact and conclusions of law in respect to Attorney Burke's professional misconduct in several matters.

The first matter concerned Attorney Burke's representation of a defendant in a federal criminal action in October, 1988. Approximately one month after being retained, Attorney Burke told the prosecutor his client would plead guilty and the court was told that the parties had reached a plea agreement. In fact, however, the client had not agreed to plead guilty. The case was removed from the trial calendar and rescheduled for January 3, 1989 on the anticipated guilty plea but the client did not learn his trial had been rescheduled for a guilty plea until he received a notice from the court dated December 20, 1988. He did not see or talk with Attorney Burke until his court appearance on January 3, 1989. On that date, he told Attorney Burke, the prosecutor and the court that he did not want to change his plea.

The attorney-client relationship between Attorney Burke and the client deteriorated to the point that Attorney Burke moved to withdraw as counsel on February 3, 1989, three days prior to trial. The court denied the motion and on the day of trial Attorney Burke's associate appeared and argued for Attorney Burke's withdrawal from the case. The court permitted

Attorney Burke to withdraw, assessing him $1,900 in jury costs.

When the Board asked him to provide information concerning his conduct in the matter, Attorney Burke did not reply within the time specified and did not respond to two subsequent letters from the Board. He ultimately submitted a written response to the Board's numerous requests but not until some five months after the Board's initial inquiry. Thereafter, the Board requested additional information from him concerning this matter but Attorney Burke did not provide a written response, although he wrote that he would file a response by a specified date. He also did not respond to a Board request for information concerning a second grievance filed by the same client but he met with a member of the district committee some six months later and provided the requested information.

The referee concluded that Attorney Burke failed to keep his client in this matter reasonably informed about the status of his case, in violation of SCR 20:1.4(a),[1] and failed to cooperate with the Board during its investigation of the matter, in violation of SCR 21.03(4)[2] and 22.07(2).[3]

---

[1] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[2] SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

The second matter concerned Attorney Burke's representation of a man seeking postconviction relief, for which he was retained in May, 1989. When the client filed a grievance against him, Attorney Burke did not respond to five letters from the Board requesting a response. The referee concluded that Attorney Burke failed to cooperate with the Board in the course of its investigation in this matter, in violation of SCR 21.03(4) and 22.07(2).

In a third matter, a woman retained Attorney Burke to pursue postconviction relief on behalf of her son, for which she paid him $2,500. Attorney Burke misrepresented to the woman that he had obtained a trial transcript from the public defender who initially had been appointed to represent her son; in fact, he had never contacted the public defender regarding the case and never had a copy of the transcript.

Between September and December, 1989, the woman and her son made numerous attempts to contact Attorney Burke by telephone and sent him numerous letters between June, 1989 and March, 1990. Attorney Burke did not respond to those calls or letters. In January, 1990, he told the woman her son's postconviction matter was pending, even though he

---

[3] SCR 22.07 provides:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

had not filed a postconviction motion on the son's behalf. Attorney Burke did not reply to the son's letter in March, 1990, asking for a copy of the postconviction motion.

During the Board's investigation of this client's grievance, Attorney Burke did not respond to numerous requests for information, although on one occasion he wrote the Board that he had not filed a postconviction motion in the matter. Attorney Burke ultimately responded to the Board's efforts to obtain information when he met with a member of the district committee almost seven months after the Board's initial request for information.

The referee concluded that Attorney Burke failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3,[4] failed to keep the client reasonably informed of the status of his legal matter, in violation of SCR 20:1.4(a), misrepresented to the client that he obtained a transcript, in violation of SCR 20:8.4(c)[5] and 20:4.1(a),[6] and failed to

---

[4] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[5] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[6] SCR 20:4.1 provides:

**Truthfulness in statements to others**
In the course of representing a client a lawyer shall not knowingly:
(a) make a false statement of a material fact or law to a third person;

respond to the Board's requests for information in the matter, in violation of SCR 21.03(4) and 22.07(3).[7]

The fourth matter considered in this proceeding concerned Attorney Burke's representation of a woman who retained him in May, 1988 in a criminal action. Attorney Burke assigned the matter to an associate and the client pled guilty and was sentenced to prison. The client then sent several letters to Attorney Burke's firm asking assistance in obtaining credit for time served prior to sentencing and to seek postconviction relief. Attorney Burke and the associate told the client they would file a postconviction motion upon her payment of an additional fee.

Attorney Burke met with the client at the prison in late April, 1989 and told her shortly thereafter that he would determine what assistance he could provide her. He also told her he would visit with her at the prison in mid-May, 1989. After Attorney Burke did not meet with her as he had promised, the client wrote to him requesting information about what he was doing on her behalf and attempted numerous times without success to telephone him. In mid-June, 1989, Attorney Burke wrote the client that he had received her letter and was aware of her telephone calls and stated that he would pursue postconviction relief on her behalf if she paid him $3,500 in advance.

---

[7] SCR 22.07 provides:

**Investigation.**

. . .

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

In July, 1989 and April, 1990, the client attempted on a number of occasions to obtain her file from Attorney Burke but was unsuccessful. When she filed a grievance with the Board, Attorney Burke wrote the Board that the client could either pick up her file at his office or obtain it through the Board. At the time, however, the client remained incarcerated. Attorney Burke did not respond to two requests from the Board for information concerning this matter in July and September, 1990, in which the Board asked that he submit a copy of the client's file to the Board. Attorney Burke ultimately gave a copy of the client's file to a member of the district committee on November 21, 1990.

The referee concluded that Attorney Burke failed to promptly comply with the client's requests for information, in violation of SCR 20:1.4(a), failed to return the client's file upon request, in violation of SCR 20:1.16(d),[8] and failed to respond to the Board's requests for information and documentation in the matter, in violation of SCR 21.03(4) and 22.07(3).

In the fifth matter, Attorney Burke was retained in September, 1988 to pursue postconviction relief on behalf of a man convicted of first-degree murder. At their first meeting, the client gave Attorney Burke a number of legal documents and papers relating to his case. Attorney Burke told the client that anything the

---

[8] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d)   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

client sent him would be carefully considered in framing issues for an appeal. Attorney Burke then reviewed the client's trial transcripts.

Between October, 1988 and April, 1990, the client attempted to telephone Attorney Burke on a number of occasions without success. He also sent him numerous letters which went unanswered. On March 1 and again on March 15, 1990, the client wrote Attorney Burke asking for information concerning the status of his case. When Attorney Burke did not respond, the client wrote him on April 3, 1990 requesting his transcripts and legal papers. He wrote again on May 10, 1990 asking for the return of his papers and an itemization of the work Attorney Burke had done on his behalf. Attorney Burke did not respond.

After the client filed a grievance with the Board, Attorney Burke did not respond to two letters from the Board requesting information in the matter. On June 12, 1990, approximately 21 months after being retained in the matter, Attorney Burke wrote his client that there were no arguable grounds on which to seek postconviction or appellate relief. Two days later, Attorney Burke sent the Board a response to its prior requests for information. On September 20, 1990 the Board wrote Attorney Burke asking that he provide a copy of the client's file within 14 days; Attorney Burke did not turn over the client's file until May, 1991.

The referee concluded that Attorney Burke failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3, failed to keep the client reasonably informed of the status of the matter, in violation of SCR 20:1.4(a), failed to return documents and legal papers to the client to which the client was entitled following termination of the representation, in violation of SCR 20:1.16(d), and

failed to cooperate with the Board in its investigation of the matter, in violation of SCR 21.03(4) and 22.07(2).

The sixth matter concerned Attorney Burke's conduct when retained on March, 1990 to obtain the release of a man from jail on pending criminal charges. The following day, a woman paid Attorney Burke a $5,000 retainer upon his assurance that the client would be released from jail by March 19, 1990.

On March 19, 1990, the client hired another attorney to represent him in the matter and, when she learned the client was still in custody, the woman asked Attorney Burke to refund the money she had paid him. The following day the client asked Attorney Burke to return the $5,000 retainer and Attorney Burke responded that he would not. Attorney Burke had met with the client on three occasions at the jail and conferred with successor counsel once but the referee found that it was not possible to determine or even approximate on the record what portion of the retainer the woman was entitled to have returned.

The referee concluded that Attorney Burke failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3, and failed to return the unearned portion of a retainer to the client, in violation of SCR 20:1.16(d).

In two other matters, Attorney Burke did not respond to requests from the Board for information concerning a grievance filed by a client and information the Board received from an assistant attorney general concerning possible ethical violations Attorney Burke had committed. The referee concluded that Attorney Burke failed to cooperate with the Board during those investigations, in violation of SCR 21.03(4) and 22.07(2).

The last matter considered in this proceeding concerned Attorney Burke's having been charged on February 12, 1991 in Milwaukee county circuit court with harassment, criminal trespass to a dwelling and disorderly conduct. Those charges were in connection with a matter concerning a woman with whom Attorney Burke had had a personal relationship of some duration but not someone with whom he had dealt in a professional capacity. It was alleged that Attorney Burke had entered the woman's home while she was asleep, grabbed her, pulled her hair, choked her, knocked her down several steps and repeatedly threatened to kill her. The complaint alleged that Attorney Burke had admitted to the police on the date of the occurrence that he had grabbed the woman by the hair and that he may have threatened to kill her.

The criminal complaint was subsequently amended to a single misdemeanor charge of disorderly conduct and Attorney Burke entered a no contest plea to that charge on April 10, 1992. The court withheld sentence and placed him on probation for two years, imposing as a condition of probation that he enroll in Batterers Anonymous.

The referee concluded that in this matter Attorney Burke committed a criminal act that reflects adversely on a lawyer's honesty, trustworthiness and fitness in other respects, in violation of SCR 20:8.4(b).

In addition to those findings in respect to professional misconduct, the referee found that throughout the time that misconduct occurred, Attorney Burke abused alcohol and cocaine, for which he obtained inpatient treatment in February and March, 1991. The referee noted that Attorney Burke did not offer that abuse or his chemical dependency as a defense to the charges of misconduct, nor did he claim that the abuse

or dependency was "cured" or would not cause problems for him in the future. The referee further found that Attorney Burke has demonstrated a "zealous commitment" to indigent defendants, enjoyed a good professional reputation prior to the matters considered in this proceeding and expressed remorse and a willingness to accept responsibility for his actions.

As discipline for his professional misconduct, the referee recommended that the court suspend Attorney Burke's license to practice law for nine months and impose conditions on him following reinstatement of his license that address his alcohol and cocaine addictions and that those conditions continue until modified or the Board recommends their removal. The referee also recommended that, as a condition of reinstatement, Attorney Burke establish that the client's claim for return of the unearned portion of his fee has been settled.

We adopt the referee's findings of fact and conclusions of law. We determine, however, that the multiple acts of professional misconduct and the serious nature of that misconduct warrant discipline more severe than the nine-month license suspension recommended by the referee. Accordingly, we suspend Attorney Burke's license to practice law for one year and impose the conditions recommended by the referee following reinstatement of his license following the period of suspension.

IT IS ORDERED that the license of William U. Burke to practice law in Wisconsin is suspended for a period of one year, commencing February 7, 1994.

IT IS FURTHER ORDERED that, as a condition of reinstatement of his license to practice law, William U. Burke shall comply with the conditions set forth in the

25

referee's report and establish that he has made the restitution as recommended by the referee.

IT IS FURTHER ORDERED that within 60 days of the date of this order William U. Burke pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William U. Burke to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William U. Burke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

GESKE, J., took no part.