IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William U. BURKE, Attorney at Law.

Supreme Court

*No. 94–0714–D. Filed February 9, 1995.*

(Also reported in 526 N.W.2d 505.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney William U. Burke to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. That misconduct consisted of his failure to act with reasonable diligence and promptness in representing a criminal client in 1992, failing to keep that client reasonably informed of the status of his criminal case, failing to inform the client that he was terminating representation and failing to take steps to the extent reasonably practicable to protect the client's interests upon his withdrawal from representation and refund an advance payment of a fee that he had not earned. We determine that a 60-day license suspension is the appropriate discipline for Attorney Burke's professional misconduct established in this proceeding.

Attorney Burke was admitted to practice law in Wisconsin in 1969 and practices in Milwaukee. In 1993 the court suspended his license for one year, effective February 7, 1994, as discipline for failing to keep a client informed of the status of his criminal action, misrepresenting to a client actions he had taken on her son's behalf in a criminal matter, failing to diligently pursue that matter, failing to comply with a client's request for information and return a client's file upon request, failing to keep another client reasonably informed of the status of his matter, failing to return documents and legal papers to a client following termination of the client's representation, failing to return the unearned portion of a retainer to a client, failing to respond to requests from the Board of Attorneys Professional Responsibility (Board), for information concerning client grievances and engaging in conduct that led to his conviction of a misdemeanor charge of disorderly conduct. *Disciplinary Proceedings Against*

*Burke,* 180 Wis. 2d 14, 508 N.W.2d 394. In the instant proceeding, the referee, Attorney Kathleen Callan Brady, made the following findings of fact.

At the beginning of April, 1992, Attorney Burke agreed to represent a man who had made an initial appearance in circuit court on a charge of possession of a controlled substance with intent to deliver at which probable cause was found to hold him for further proceedings. Attorney Burke met with the client and discussed his arrest, the charge, the client's desire to be released from custody, Attorney Burke's fee and the fact that the next hearing in the matter was scheduled for April 9, 1992. Attorney Burke requested and received as a retainer in the matter a check for $1,500 from the client's sister, which Attorney Burke negotiated on or before April 6, 1992. Following their initial meeting in the jail, the client called Attorney Burke and discussed with him briefly the upcoming court appearance.

Attorney Burke did not read the criminal complaint or review the case file, judgment roll or any other documents concerning his client's criminal case and, when he met with the client prior to the scheduled court appearance on April 9, 1992, he told the client he was not prepared to proceed with a preliminary hearing. At the disciplinary hearing, Attorney Burke testified that he had gone to the court merely to observe what was going on in the case and was totally unprepared to appear on his client's behalf. Prior to that hearing, Attorney Burke had told the client he was having problems with the client's family and that he would continue to represent him but would not have anything more to do with the family. At the hearing, the client told the court that Attorney Burke was his attorney but he never saw Attorney Burke again.

Thereafter, the state public defender appointed counsel for the client.

In addition to those findings, the referee found that Attorney Burke did not refund any portion of the $1,500 retainer he obtained, although he admitted he had not earned the full amount of that retainer. The referee also found that it was not possible to determine in this proceeding what portion of the retainer should be refunded to the former client.

On the basis of the foregoing facts, the referee concluded that Attorney Burke failed to act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3,[1] failed to keep the client reasonably informed of the status of his criminal case or that he was terminating his representation, in violation of SCR 20:1.4(a),[2] and failed to take steps to the extent reasonably practicable to protect the client's interests upon his withdrawal from representation and refund the retainer he had not earned, in violation of SCR 20:1.16.[3] As discipline for that misconduct, the

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.16 provides, in part:

**Declining or terminating representation**
. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property

referee recommended that the court suspend Attorney Burke's license to practice law for 60 days.

Rejecting the Board's suggestion that any license suspension be made retroactive and run consecutively to Attorney Burke's prior license suspension, the referee recommended that the 60-day suspension commence the date of the court's order imposing it. In so recommending, the referee noted that Attorney Burke's misconduct in this proceeding was of the same type as much of that considered in the prior disciplinary proceeding and thus reveals a pattern of misconduct the referee described as egregious and warranting progressive discipline. In that respect, the misconduct considered in the instant proceeding occurred in April of 1992; the misconduct established in the prior proceeding occurred between late 1988 and mid-1990, a time during which Attorney Burke abused alcohol and cocaine, for which he obtained treatment in February and March of 1991. In the prior proceeding we ordered, as a condition of license reinstatement, that he comply with conditions recommended by the referee addressing his rehabilitation from alcohol and cocaine addictions.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended 60-day license suspension is appropriate discipline for Attorney Burke's professional misconduct and that the suspension become effective February 7, 1995, thereby extending the suspension previously imposed. In addition, Attorney Burke will have to show, as a condition for the reinstatement of his license pursuant to SCR

to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

22.28(4)(k),[4] that he has made restitution to the former client or satisfactorily explain his failure or inability to do so.

IT IS ORDERED that the license of William U. Burke to practice law in Wisconsin is suspended for a period of 60 days, commencing February 7, 1995, as discipline for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order William U. Burke pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of William U. Burke to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that William U. Burke comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

GESKE, J., took no part.

---

[4] SCR 22.28 provides, in part:

**Reinstatement.**

. . .

(4)   The petition for reinstatement shall show that:

. . .

(k)   The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.