IN the MATTER OF the REINSTATEMENT OF the LICENSE OF
William U. BURKE to Practice Law in Wisconsin.

Supreme Court

*Nos. 92–0215–D, 94–0714–D. Filed June 20, 1997.*

(Also reported in 564 N.W.2d 340.)

GESKE, J., took no part.

STATE OF WISCONSIN—SUPREME COURT

ORDER

On December 5, 1996, the Board of Attorneys Professional Responsibility (Board) filed a report in which

it recommended that the petition of William U. Burke for reinstatement of his license to practice law be granted and conditions be imposed on his continued practice of law for two years. Mr. Burke's license has been suspended since February 7, 1994, as discipline for professional misconduct. *In re Disciplinary Proceedings Against Burke*, 180 Wis. 2d 14, 508 N.W.2d 394 (1993) and 190 Wis. 2d 474, 526 N.W.2d 505 (1995).

Having found that the petitioner has complied with the applicable reinstatement requirements set forth in SCR 22.28, the Board recommended reinstatement subject to several conditions directed to the petitioner's continued treatment of addiction to alcohol and controlled substances and to the supervision of his practice of law by an attorney approved by the Board. In addition, the Board recommended that reinstatement be conditioned on the petitioner's stipulation to random laboratory testing for his use of controlled substances and the specifics of that testing and to the immediate suspension of his license to practice law if a test proves positive for cocaine. The petitioner and the Board entered into such stipulation, and it was filed with the Board's report.

IT IS ORDERED that the petition for the reinstatement of the license of William U. Burke to practice law in Wisconsin is granted, effective the date of this order.

IT IS FURTHER ORDERED that for the period of two years commencing the date of this order, William U. Burke shall comply with the following conditions:

(1) He shall abstain from the use of alcohol and controlled substances.

(2) He shall continue to participate in a form of after-care treatment for alcohol and substance abuse other than and in addition to any voluntary attendance at Alcoholics Anonymous.

(3) He shall ensure that quarterly reports regarding his progress in after-care treatment are submitted to the Board.

(4) He shall submit to random laboratory testing for cocaine and other controlled substances pursuant to the terms and conditions set forth in the stipulation of the parties filed in this proceeding.

(5) In the event a urine sample collected and tested in accordance with the terms of the stipulation of the parties filed in this proceeding is positive for the presence of cocaine and the accuracy of the positive test result is confirmed, the license of William U. Burke to practice law in Wisconsin may be temporarily suspended immediately and without a hearing, such suspension to continue pending the outcome of a disciplinary proceeding initiated by the Board upon a determination that there is evidence of a breach of a condition of reinstatement.

(6) William U. Burke's practice of law shall be supervised by an attorney approved by the Administrator of the Board, and the supervising attorney shall meet with Attorney Burke once every two months for such purpose.

JANINE P. GESKE, J., did not participate.

Marilyn L. Graves,
Clerk of Supreme Court